# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID GEORGE PFEIFER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | SA-18-CA-0670-XR |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner David George Pfeifer's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's Memorandum in Support (ECF No. 2), and Respondent's Answer (ECF No. 7) thereto.[1] Petitioner challenges the constitutionality of his state court conviction for continuous sexual abuse of a child, arguing (1) the jury charge was erroneous because it allowed a conviction without jury unanimity; (2) he was denied due process because his conviction was based on extraneous offenses; and (3) his right to counsel and his right to remain silent were violated by law enforcement's use of the Reid Technique during interrogation. In her Answer, Respondent Davis contends Petitioner's federal habeas petition should be dismissed with prejudice as time-barred.

For the reasons set forth below, Petitioner's federal habeas corpus petition is indeed untimely and is dismissed with prejudice as barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Petitioner is also denied a certificate of appealability.

---

[1] Petitioner has paid the applicable filing fee for this cause (ECF No. 1) and is represented by counsel in these proceedings.

**Background**

In April 2014, Petitioner was convicted of continuous sexual abuse of a child and was sentenced to thirty years of imprisonment. *State v. Pfeifer*, No. A13103 (216th Dist. Ct., Kerr Cnty., Tex. Apr. 21, 2014) (ECF No. 8-14 at 66). His conviction and sentence were affirmed on direct appeal, and the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review (PDR) on January 11, 2017. *Pfeifer v. State*, No. 07-14-00277-CR (Tex. App.—Amarillo, July 21, 2016, pet. ref'd) (ECF No. 8-3); *Pfeifer v. State*, No. PD-1126-16 (Tex. Crim. App.) (ECF No. 8-12). On January 17, 2018, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction and sentence, which the TCCA later denied without written order on April 4, 2018. *Ex parte Pfeifer*, No. 88,128-01 (Tex. Crim. App.) (ECF No. 9-20; ECF No. 9-22 at 11, 30). The instant federal habeas petition was later filed on July 2, 2018. (ECF No. 1 at 1, 15).

**Timeliness Analysis**

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). In this case, Petitioner's conviction became final April 11, 2017, ninety days after the TCCA refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d)

for filing a federal habeas petition challenging his underlying conviction expired a year later on April 11, 2018. Because Petitioner did not file his § 2254 petition until July 2, 2018—almost three months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.     Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, Petitioner's state habeas petition challenging the underlying conviction was filed January 17, 2018, and later denied April 4, 2018.[2] Accordingly, the state habeas application tolled the limitations period for 78 days, making his federal petition due on June 28, 2018. Because Petitioner did not file his § 2254 petition until July 2, 2018, the petition is untimely.

---

[2]     Because Petitioner's post-conviction application was filed by counsel, he is not entitled to the benefit of the "mailbox rule." *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (finding "the justifications for leniency with respect to *pro se* prisoner litigants do not support extension of the 'mailbox rule' to prisoners represented by counsel.). Thus, the state habeas application, like other filings by attorneys, was deemed filed when it was received by the Clerk of Court on January 17, 2018. (ECF No. 9-22 at 11, 30).

3

### B. Equitable Tolling

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Petitioner does not assert any extraordinary circumstance prevented him from filing earlier, nor has he attempted to show that he has been diligently pursuing his rights. Indeed, Petitioner does not even mention the statute of limitations or equitable tolling in his petition and has not responded to Respondent's assertion of the time bar in her answer. Moreover, the fact that the petition is only four days late does not benefit Petitioner. The Fifth Circuit has rigorously enforced the one-year AEDPA period of limitation, holding:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.

*Lookingbill v. Cockrell,* 293 F.3d 256 (5th Cir. 2002). With such clear guidance, this Court must also apply the limitations period strictly. Consequently, because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part,

4

from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## Conclusion

Based on the foregoing reasons, Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner David George Pfeifer's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 26th day of Occtober, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE